Michael Miretsky, Esq., State Bar No. 180734
David H. Lieberthal, Esq., State Bar No. 213768
LEIBL, MIRETSKY & MOSELY, LLP
5014 Chesebro Rd.
Agoura Hills, CA 91301
(818) 380-0123
(818) 380-0124 (Fax)

Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINE TERMENDZHYAN,<br><br>Plaintiff<br><br>vs.<br><br>COSTCO WHOLESALE, INC., a corporation; and DOES 1- 50, inclusive<br><br>Defendants. | No.: 2:18-cv-01646 AB(Ex)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

THE COURT, having reviewed and approved the Stipulation of Parties re: Protective Materials, entered into by and between, Plaintiff MARINE TERMENDZHYAN and Defendant COSTCO WHOLESALE CORPORATION (collectively, the "parties"), hereby enters the following protective order:

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED THAT:

1. During the discovery process in this case, it is expected that the parties may disclose documents that a party contends are confidential and/or commercially sensitive in such that a protective order is necessary to adequately protect the confidentiality of the information or materials.

2. A protective order will enable the parties to expedite the discovery

process, to protect information claimed by any of the parties to be confidential, proprietary, and trade secret from public disclosure, and resolve disputes over confidentiality promptly.

3. This Stipulation which allows producing parties to designate applicable documents or groups of documents as containing confidential information subject to objection by the requesting parties, and maintaining with the producing party the burden of proving that good cause exists for the confidential designation, is the least restrictive alternative to protect against any harm that may result from the dissemination of these documents absent this Stipulation. This Stipulation attempts to strike the proper balance between the legitimate interests of the parties in the protection of their confidential materials, the discovery and use in this litigation of the materials requested and produced, and the legitimate interests of non-parties in the dissemination and use of discovery material.

4. This Stipulation shall govern the use and dissemination of the following "documents."

5. The term "document" or "documents" means (1) all written, recorded or graphic matter whatever, including materials stored in electronic media, and information produced on computer disks or tapes, including all "Writings" as that term is defined by California *Evidence Code* § 250, produced in this action by any party or by any non-party, whether pursuant to the *Code of Civil Procedure*, subpoena, or by agreement; and (2) any copies, reproductions, or summaries of the foregoing, including microfilm copies. Interrogatory answers, responses to requests for admission, transcripts of depositions or other statement under oath and exhibits thereto, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as stamped confidential documents, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

///

**Confidential Information**

6. The terms "Confidential Information" and "Confidential Documents", as used in this Stipulation, is defined to include information or materials that constitute or contain the following information: Confidential business, proprietary, and/or trade secret information, which, even in limited use by another party to this litigation or any third party, would risk the loss of a significant competitive advantage.

7. Any party to this action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential Documents" any information, document, or material that it reasonably and in good faith believes constitutes or contains Confidential Information. Designating Parties shall designate "Confidential Documents" as follows:

    a. In the case of documents other than transcripts of witness testimony and documents produced in non-paper media, the designation "Confidential Documents" shall be made by affixing to all pages of the document or material containing such information, and upon each page so designated, a legend that in substance states: "CONFIDENTIAL, PROTECTED BY COURT ORDER, CASE NO. 2:18-cv-01646 AB(Ex) (UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA)".

    b. In the case of depositions or other testimony (including exhibits), a Designating Party may designate the transcript a Confidential Document by indicating that fact on the record during the deposition or examination under oath, or by thereafter notifying the court reporter and the other parties in writing of the portions of such deposition or other testimony to be so designated within twenty (20) days of receipt of the initial electronic transcript (not including real time transcription or rough transcripts) from the court reporter. If a Designating Party has advised the court reporter that Confidential Information has been disclosed during a deposition or examination under oath, the court reporter shall include on the cover page of the

transcript the following indication: "DEPOSITION [or EXAMINATION] CONTAINS CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] - SUBJECT TO PROTECTIVE ORDER IN CASE NO. 2:18-cv-01646 AB(Ex) (UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA)". Within twenty (20) days of receipt of the initial electronic transcript from the court reporter, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Confidential Information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Confidential Information and amend the cover page to reflect that these specific designations have been made. Counsel for the opposing party may have immediate access to such transcript, but prior to the page and line designations, shall treat the entire transcript as Confidential Documents.

  c. Any Confidential Documents produced in a non-paper medium (*e.g.* videotape, audiotape, computer disk, etc…) may be designated as such by labeling the outside of such non-paper medium with a legend that in substance states: "CONFIDENTIAL, PROTECTED BY COURT ORDER, CASE NO. 2:18-cv-01646 AB(Ex) (UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA)." In the event that a party generates any "hard copy" transcription, or printout from any such designated non-paper media, such party must stamp each page with the same Confidential Documents legend, and the hard copy, transcription or printout shall be treated as it is designated.

  d. A party wishing to designate "Confidential Documents" and may do so (i) in the manner provided in Paragraphs 7(a) through 7(c), above; (ii) by affixing a legend that in substance states: "CONFIDENTIAL, PROTECTED BY COURT ORDER, CASE NO. 2:18-cv-01646 AB(Ex) (UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA." to the exterior of the deposition transcript, non-paper medium or other file that contains a defined category of documents that contain the private insurance information that the Producing Party

intends to designate as Confidential Documents. The Designating Party has the sole obligation to designate the documents or categories of documents as set forth above.

   e.   Any document, transcript of witness testimony or document produced in non-paper medium may be disclosed to the persons identified in Paragraph 8 below, <u>except</u> for the persons identified in Paragraph 8(iii) below and 8(viii). Material designated as "CONFIDENTIAL, PROTECTED BY COURT ORDER, CASE NO. 2:18-cv-01646 AB(Ex) (UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA " is highly Confidential Information, including but not limited to, the trade secrets, economically or competitively sensitive information, and personal information.

   f.   Any policy, procedure, or prescription record produced as a confidential document shall also be deemed by the producing party as a "business record" within the meaning of *Evidence Code* §1271.

8. Confidential Documents that have been produced in this litigation may be disclosed only to:

   i)   The Court and its personnel;

   ii)  The parties and Outside Counsel for the parties in this litigation, including persons employed by such counsel ("Outside Counsel"), for purposes of this litigation only;

   iii) In-house counsel for the named parties;

   iv)  Any consultant, investigator or expert (collectively, "Expert") who is actively assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable the Expert to render such assistance;

   v)   A witness who produced or designated the Confidential Information, during the course of his or her deposition or examination under oath; however this shall not limit in any way the witness' ability to review Confidential Documents in preparation for his or her deposition or other

    examination under oath;

vi) Qualified court reporters taking testimony, videographers, necessary stenographic and clerical personnel, and outside services performing photocopying, imaging, and/or coding services;

vii) An employee of a named party, subsidiary, parent company or affiliate;

viii) Reinsurers and auditors; and

ix) Administrative and regulatory bodies and others, as required by law, subject to the provisions of this Stipulation.

  9. Prior to obtaining access to Confidential Documents, any person or entity to whom Confidential Documents may be disclosed, as set forth in subparagraphs (iii) through (vii) of paragraph 8, shall be shown and shall read a copy of this Stipulation, no copies of any Confidential Documents shall be provided to the persons or entities identified in subparagraphs iii), iv), v), vi), and vii) of paragraph 8, unless those persons or entities execute a copy of the Confidentiality Acknowledgement attached hereto as Exhibit A, or such party or entity requests such documents pursuant to the terms of Paragraph 10 below, at which point the request will be governed by the provisions of Paragraph 10. In the event a person or entity that claims to have the right or duty to access Confidential Documents refuses to sign the Confidentiality Acknowledgement, a party may apply to the Court for relief from this Order. As to any third-party contractors or vendors to whom Confidential Documents shall be provided, as provided for in subparagraph vi) of paragraph 8, an owner or manager of such contractor or vendor may execute a copy of the Confidentiality Acknowledgement on behalf of his or her employees. Outside Counsel shall maintain copies of all Confidentiality Acknowledgements. If any party receives a request for information or receives a lawful subpoena or other compulsory process from any persons or entities identified in subparagraph (ix) of Paragraph 8 that requests or commands production of Confidential Documents, such party shall notify those persons or entities of the existence of this Protective Order and shall proffer a copy of this

Protective Order to such persons or entities. Such party shall notify counsel of record for the Designating Party by email or facsimile writing within 24 hours or the next business day. It shall be the responsibility of the Designating Party to promptly seek relief from the request or subpoena or order.

10. If a party wishes to disclose Confidential Documents to any person not described in Paragraph 8 above of this Protective Order (i.e., the party is not being compelled to produce the documents pursuant to a third party request such as described in Paragraph 14 herein), permission to disclose must be promptly requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court permits the requested disclosure.

11. When any Confidential Documents or information derived from Confidential Documents is included in any Court filing, the filing shall be marked "CONFIDENTIAL, PROTECTED BY CASE NO. 2:18-cv-01646 AB(Ex) (UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA)" and shall be filed under seal. However, before filing Confidential Documents or papers disclosing the contents of Confidential Documents, parties submitting such Confidential Documents or papers disclosing the contents of Confidential Documents shall attempt in good faith to minimize the amount of material to be placed under seal by appropriate means such as obtaining the consent of the party producing the Confidential Documents to full disclosure or redaction of confidential portions of the Confidential Documents.

**General Provisions**

12. Except to the extent expressly authorized in this Stipulation, or otherwise allowed by the Court, Confidential Documents shall not be used or disclosed for any purpose other than for preparation and trial of this litigation and/or of any appeal there from and shall not be used for any other purpose, including business, commercial, administrative, or other judicial proceedings. This protective order does not prevent

the use of confidential documents at trial by the nature of them being marked confidential. Any use of Confidential Documents at the time of trial and/or appeal shall be governed by the Court, Court Rules, and/or statute.

13. Any summary, abstract, compilation, copy, or other documents or portions thereof containing substantive information from such Confidential Documents, to the extent such documents contain or disclose substantive information, shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, abstract, compilation, copy, database, or electronic image is made or derived.

14. Any party may object, within 30 days, to any designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made. The parties shall meet and confer concerning the objection. If the objection is not resolved, the party seeking the designation shall file a motion for a protective order regarding the subject document. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is redesignated or ceases to be subject to the protection of this Protective Order, the Designating Party shall provide a substitute copy thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the redesignation or removed as appropriate. If a designation dispute arises during a deposition, the parties will meet and confer concerning the objection. If the objection is not resolved, the parties will first attempt to contact the Court. However, if the Court is unavailable and if meet and confer attempts are unsuccessful, then a discovery motion concerning the dispute may be filed.

15. The inadvertent, unintentional, or in camera disclosure of Confidential Documents or privileged documents or information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality or privilege. Inadvertent failure to designate any information pursuant

to this Stipulation shall not constitute a waiver of any otherwise valid claim for protection. At such time as a claim of inadvertent failure to designate is made, arrangements shall be made for either (1) the return to the Designated Party of all copies of any inadvertently un-designated or mis-designated documents and for the substitution, where appropriate, of properly labeled copies, or (2) the parties to whom the inadvertent production was made shall immediately properly label the Confidential Documents pursuant to this Stipulation and destroy all copies of the documents that have not been properly labeled. In the case of inadvertently produced privileged and/or work product documents, upon request of the Producing Party, the documents together with all copies shall be returned immediately to the party claiming privilege and/or work product immunity. All notes or other record of information contained in such documents shall be immediately destroyed by the holders thereof, who shall immediately provide the Designating Party written confirmation of such destruction. The Producing Party does not waive any claim of privilege or work product for any document as to which a Producing Party currently asserts a claim of privilege or work product in any jurisdiction or proceeding. Review of the Confidential Documents, consistent with the terms of this Stipulation, by counsel, experts or consultants for the Designating Party in this litigation shall not waive the confidentiality of such documents.

16. Nothing in this Stipulation shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials; however, if any Designating Party uses its own documents and materials in a manner inconsistent with maintaining confidentiality, the protections of this Stipulation shall be deemed waived with respect to such documents and materials. This Stipulation does not apply to information obtained by the parties through means other than the use of the discovery process or voluntary agreement between parties in this case.

17. If any party receives a request for information from any third party or receives a lawful subpoena or other compulsory process from any person or entity

requesting or commanding production of Confidential Documents obtained under the terms of this Stipulation, counsel for such party shall inform the requesting party of the existence of this Stipulation and notify counsel of record in this litigation for the Designating Party in writing of such request within two (2) business days of its receipt by way of email or facsimile transmission, and shall not produce the Confidential Documents (unless otherwise ordered by a court of competent jurisdiction) before the due date of compliance set forth in the request, subpoena, or order. It shall be the responsibility of the Designating Party to promptly seek relief from the request or subpoena or order.

18. This Stipulation shall not prevent any party from moving the Court for an order that Confidential Documents are not in fact confidential, proprietary or trade secrets such that they may be disclosed in a manner other than as set forth in this Stipulation. This Stipulation is without prejudice to the right of any party to seek modification of any of its provisions from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by this Court. This Stipulation does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

19. Nothing contained in this Stipulation and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of this Confidential Documents sought.

20. A party must not designate a document as confidential without first having made a good faith determination that (1) a factual and legal basis exists to assert a specific identified privilege applicable to that particular document and (2) the document being marked does not include information that has been received from or disclosed within the public domain, such as advertising materials, customer complaints, and materials submitted to the government, or that have not otherwise received confidential treatment.

21. Within thirty days after conclusion of this action, including the exhaustion of all appeals, all Confidential Documents and any copies thereof shall be destroyed or returned to the Designating Party.

**IT IS SO ORDERED.**

Dated: JUNE 20, 2019

Honorable ~~Andre Birotte Jr.~~
~~United States District Court Judge~~
CHARLES F. EICK
United States Magistrate Judge